IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

PATSY KAY QUINTERN §
§
V. § CASE NO. 4:11cv77
§
COMMISSIONER OF SOCIAL §
SECURITY ADMINISTRATION §

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for period of disability and Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income disability benefits under Title XVI of the Social Security Act on December 3, 2008, claiming entitlement to disability benefits due to manic depression and osteoarthritis in back, knees, and feet. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Fort Worth, Texas on May 12, 2010. Plaintiff was represented by a non-attorney representative at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Shelly K. Eike, testified.

On May 26, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on December 20, 2010.

1

Therefore, the May 26, 2010 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the disability insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant did not engaged in substantial gainful activity after August 25, 2008, her alleged onset of disability date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following "severe" combination of impairments: degenerative changes of the right knee, degenerative changes of the lumbar spine, depression, obesity, and hypertension. (20 C.F.R. § § 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. The claimant has the following residual functional capacity: she can lift and carry 20 pounds occasionally and 10 pounds frequently; she can sit throughout an 8-hour workday; she can stand and walk (individually or in combination) 4 hours in an 8-hour workday, but she cannot stand or walk for extended periods at one time (usually not over 15 to 20 minutes at one time); and she can otherwise perform the full range of light work, except; she can frequently balance and kneel; she can only occasionally stoop, crouch, crawl, and climb ramps and stairs; she cannot climb ladders, scaffolds, or ropes; and she cannot work overhead.

6. The claimant is capable of performing her past relevant work as a receptionist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

7. The claimant was not under a disability, as defined in the Social Security Act, from August 25, 2008, through the date of this decision.

(T.R. 12-20).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff's first point of error is that the ALJ failed to use the proper standard at step 3. At step three of the analysis, "the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity." *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step...." *Bowen v. Yuckert,* 482 U.S. 137, 141, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (citing 20 C.F.R. § 404.1520(e)). Plaintiff contends that the ALJ restricted his analysis to medical. In essence, Plaintiff argues that her statements as to what she could and could not do should have been taken into consideration in determining whether she met listing 1.02.

In making his assessment, it is clear that the ALJ did consider Plaintiff's subjective complaints. In the end analysis, he only found limited credibility as to her subjective complaints. The ALJ is entitled to determine credibility and weigh testimony. *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994). The ALJ's credibility determination is entitled to great deference. *Newton v. Apfel,* 209 F.3d 448, 459 (5th Cir. 2000). The ALJ set forth several facts underlying the determination that Plaintiff's credibility was limited, including citations to medical record evidence. In light of the discretion to which the ALJ is entitled, Plaintiff's first point of error is overruled.

Plaintiff's second point of error is that the ALJ failed to use the proper standard at step 4. Plaintiff states that the ALJ restricted her to light work with no overhead reaching. He then asked the VE a hypothetical question. The VE stated that Plaintiff could perform the job as a receptionist as generally performed, but there was no testimony that she could do the job as she performed it. Plaintiff contends that the DOT regulation requires frequent reaching in all directions. Plaintiff

further contends the ALJ made no independent analysis of the demands of the prior work. In effect, Plaintiff argues that the ALJ failed to enter an adequately detailed finding about the reaching demands of her past work and to compare his own RFC to that work.

The VE testified that Plaintiff could perform the work of a receptionist as it existed in the national economy and that such did not conflict with the DOT. Plaintiff points out that the VE stated she could not perform her work as performed. However, that qualification went to lifting more than 20 pounds. The VE's testimony does not conflict with the DOT. Plaintiff cites to DOT 237.367-038 as requiring frequent reaching in all directions.[1] However, a review of the relevant DOT is silent on frequent reaching, at least as to what the Court could locate. The Court's order for briefing contemplates that a relevant statute or regulation should be attached for the Court's review. Such

---

[1] Section 237.367-038 provides:

**RECEPTIONIST (clerical) alternate titles: reception clerk**
Receives callers at establishment, determines nature of business, and directs callers to destination: Obtains caller's name and arranges for appointment with person called upon. Directs caller to destination and records name, time of call, nature of business, and person called upon. May operate PBX telephone console to receive incoming messages. May type memos, correspondence, reports, and other documents. May work in office of medical practitioner or in other health care facility and be designated Outpatient Receptionist (medical ser.) or Receptionist, Doctor's Office (medical ser.). May issue visitor's pass when required. May make future appointments and answer inquiries [INFORMATION CLERK (clerical) 237.367-022]. May perform variety of clerical duties [ADMINISTRATIVE CLERK (clerical) 219.362-010] and other duties pertinent to type of establishment. May collect and distribute mail and messages.

STRENGTH: Sedentary Work - Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and ll other sedentary criteria are met.

was not done here. Plaintiff's second point of error is overruled

**RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 31st day of March, 2012.**

*Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE